**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAIFENG ZHANG, | No. 18-73211 |
| Petitioner, | |
| v. | Agency No. A206-215-369 |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2020**
Honolulu, Hawaii

Before: WALLACE, BEA, and BENNETT, Circuit Judges.

Petitioner Haifeng Zhang seeks review of the decision of the Board of

Immigration Appeals ("BIA") that affirmed the Immigration Judge's ("IJ") denial

of his applications for asylum and withholding of removal based on an adverse

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

credibility determination. He also challenges the BIA's alternative holding that his claims fail even if he were deemed credible. We have jurisdiction under 8 U.S.C. § 1252 to review final orders of removal. We review for substantial evidence "denials of asylum [and] withholding of removal" "and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (citation omitted). Factual findings, including adverse credibility determinations, will be upheld "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (citations omitted). We deny the petition.

Because "the BIA reviewed the IJ's credibility-based decision for clear error and relied upon the IJ's opinion as a statement of reasons but did not merely provide a boilerplate opinion, . . . we review here the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's . . . decision in support of those reasons." *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014) (internal quotation marks and citation omitted).

Here, the IJ identified, and the BIA relied on, inconsistencies between Zhang's testimony and his wife's statement, as well as the unreliability of Zhang's corroborating evidence. *See Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010) (noting that under the totality of the circumstances approach, an IJ may rely

2

on inconsistencies and "any other relevant factor"). The IJ found Zhang's testimony regarding his wife's first visit to the United States to be inconsistent with his wife's statement. The IJ also found that Zhang's filing for asylum within one month after arriving in the United States undermined his testimony regarding the reasons his wife did not flee to the United States with him. Moreover, the IJ found the medical records submitted by Zhang to corroborate his testimony to be of questionable reliability. Zhang's attempt to recharacterize as "trivial" the inconsistencies in his testimony and the other evidence is unavailing. *See id.* at 1043 (describing typographical errors and misspelling as examples of trivial inconsistencies).

The IJ's holding, and the BIA's affirmance, that Zhang was not denied an opportunity to provide missing corroborating evidence is also not erroneous. As the BIA properly reasoned, the IJ did not request additional evidence, but simply evaluated the evidence that Zhang had submitted, under the totality of the circumstances, in reaching a decision. In sum, the record does not compel the conclusion that the adverse credibility determination was erroneous.

Without Zhang's testimony, the remaining evidence is insufficient to compel a finding that he established eligibility for relief. *See Wang*, 861 F.3d at 1009. His claims therefore were properly denied.[1]

The petition for review is **DENIED**.

---

[1] Because we find the BIA's adverse credibility finding was supported by substantial evidence, we need not consider the BIA's alternative holding, for which the BIA presumed that Zhang was credible.